FILED
United States Court of Appeals
Tenth Circuit

June 13, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM BERNARD FREEMAN,

Defendant - Appellant.

No. 12-6277
(D.C. Nos. 5:12-CV-00733-L and
5:10-CR-00165-L-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant William Bernard Freeman was convicted of bank robbery and

sentenced to serve a 210-month term of imprisonment. *United States v. Freeman*,

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

451 F. App'x 783, 784 (10th Cir. 2011). His conviction was affirmed by this court. *Id*. at 796. On June 27, 2012, Freeman filed a motion seeking a new trial pursuant to Rule 33(b)(1) of the Federal Rules of Criminal Procedure. On the same day, he also filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The court entered a written order and separate judgment denying both motions on October 9, 2012. Freeman now appeals the denial of his Rule 33 motion and also seeks a certificate of appealability ("COA") so he can appeal the dismissal of the § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B) (providing a movant may not appeal the disposition of a § 2255 motion unless he first obtains a COA).

The district court first addressed Freeman's Rule 33 motion, in which he asserted he is entitled to a new trial because newly discovered evidence shows he was actually innocent of the bank robbery conviction. A defendant is not entitled to a new trial based on newly discovered evidence unless the evidence is "more than impeaching or cumulative," "material to the issues involved," and "would probably produce an acquittal." *United States v. Sutton*, 767 F.2d 726, 728 (10th Cir. 1985). Freeman supported his motion with communications from Alexica Hopkins and Vivian Ayala, two individuals who participated in the bank robbery with him. Freeman characterized these communications as a recantation of the individuals' trial testimony against him. When a defendant's alleged new evidence consists of recanted trial testimony, "the trial court must first be

-2-

satisfied that the challenged testimony was actually false." *United States v. Bradshaw*, 787 F.2d 1385, 1391 (10th Cir. 1986). Here, the district court concluded the emails from Ms. Hopkins did not show her trial testimony was actually false and further concluded the information contained in the emails would not probably produce an acquittal. As to the letter written by Ms. Ayala, the district court concluded the letter was not a recantation of Ayala's trial testimony, there was nothing in the letter indicating her sworn trial testimony was actually false, and the information in the letter would not probably produce an acquittal in a new trial. Accordingly, the court denied Freeman's motion.

In the same order, the district court separately addressed the claims raised in Freeman's § 2255 motion. In that motion, Freeman alleged his appellate counsel was ineffective for failing to challenge the application of the career offender sentencing enhancement. Applying the familiar two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), the district court concluded Freeman could not show he was prejudiced by counsel's failure to appeal the enhancement because he was properly sentenced as a career offender. *See United States v. Orange*, 447 F.3d 792, 796-97 (10th Cir. 2006) ("Because [a defendant] must demonstrate both *Strickland* prongs to establish his claim, a failure to prove either one is dispositive." (citation omitted)). The district court then addressed Freeman's request for habeas relief based on his contention he is actually innocent of the bank robbery. Noting that an assertion of actual innocence,

-3-

standing alone, cannot support the granting of a writ of habeas corpus, *LeFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001), the district court nevertheless also concluded Freeman failed to show he is actually innocent.

Exercising jurisdiction under 28 U.S.C. § 1291 and finding no reversible error, this court **affirms** the denial of Freeman's Rule 33 motion for substantially the reasons stated by the district court in its order dated October 9, 2012. As to the claims raised in the § 2255 motion, Freeman is not entitled to a COA unless he makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by demonstrating "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). Although Freeman need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338. Because the district court's resolution of Freeman's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings, he has not "made a substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c)(2).  Accordingly, this court **denies**

Freeman's request for a COA and **dismisses** that portion of this appeal.

Freeman's request to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge